UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHAUNCEY DILLON,<br><br>                     Plaintiff,<br><br>          -against-<br><br>HARVEY ROSEN, Asst. Dist. Att.; BONNIE WITTNER; L.S.C.N.Y.S.; JAMES McQUEENEY, ESQ., Defense Att.; MARK J. MURPHY, Det. N.Y.P.D.,<br><br>                     Defendants. | 1:22-CV-7035 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Chauncey Dillon, who is currently incarcerated in the Sullivan Correctional Facility, filed this *pro se* action under 42 U.S.C. § 1983.[1] Plaintiff sues: (1) New York County Assistant District Attorney Harvey Rosen; (2) Acting Justice of the New York Supreme Court, New York County, Bonnie Wittner; (3) criminal defense attorney James McQueeney, Esq.; and (4) New York City Police Detective Mark J. Murphy. He seeks damages, and asks the Court "to cause the . . . defendants[] . . . to stand trial in [this court] and to cause each of [the] . . . defendants[] to answer and show cause to each and every sustained charge brought against" him in the New York Supreme Court, New York County, "and to show cause . . . as to . . . why they violated each and every [listed] civil right of" his. (ECF 1, at 2.)

Plaintiff has paid the fees to bring this action. For the reasons set forth below, the Court dismisses this action.

---

[1] Plaintiff filed his complaint while incarcerated in the Shawangunk Correctional Facility.

**STANDARD OF REVIEW**

The Court must dismiss a prisoner's complaint against a governmental entity or against a government officer or employee, or a portion of that complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine

whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff alleges that his claims arise from: (1) Detective Murphy's arrest or confinement of him after his arrest; (2) Detective Murphy's or Assistant District Attorney Rosen's bringing of criminal charges against him; (3) Detective Murphy's testimony during his criminal action in the New York Supreme Court, New York County; (4) Justice Wittner's actions and decisions while presiding over that criminal action; (5) Assistant District Attorney Rosen's prosecution of him in that criminal action; and (6) Defendant McQueeney's representation of him, as his criminal defense attorney, during that criminal action. Plaintiff alleges that he was ultimately convicted of felony murder at the conclusion of his criminal action.[2]

## DISCUSSION

### A.   Acting Justice Wittner

The Court must dismiss Plaintiff's claims under Section 1983 for damages and injunctive relief against Acting Justice Wittner under the doctrine of judicial immunity. Under this doctrine, judges are absolutely immune from civil suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). This is because "[w]ithout insulation from liability, judges would be subject to

---

[2] The Court notes that, on December 17, 2004, Plaintiff was convicted, following a jury trial presided over by Acting Justice Wittner, of murder in the second degree, attempted robbery in the first degree, assault in the first degree, two counts of criminal possession of a weapon in the second degree, two counts of criminal possession of a weapon in the third degree, and reckless endangerment, for which he was sentenced to an aggregate prison term of 30 years to life. *See People v. Dillon*, 30 A.D.3d 1135 (1st Dep't 2006).

3

harassment and intimidation. . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). Moreover, Section 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

There are only two sets of circumstances in which judicial immunity does not apply: (1) when a judge takes action that is outside the judge's judicial capacity; or (2) when a judge takes action, that, although judicial in nature, is in the absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12. Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven*, 579 F.3d at 210. Plaintiff's allegations suggest that neither of these exceptions applies here. Moreover, "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Plaintiff's claims under Section 1983 against Acting Justice Wittner arise from her actions and decisions while presiding over Plaintiff's state-court criminal action. The Court therefore dismisses these claims under the doctrine of judicial immunity,[3] *see* 28 U.S.C. § 1915A(b)(2), and, consequently, as frivolous, *see* § 1915A(b)(1); *see also Mills v. Fischer*, 645

---

[3] Plaintiff cannot properly seek injunctive relief against Acting Justice Wittner under Section 1983 because that statute permits injunctive relief against a judge only if a declaratory decree was violated or declaratory relief is unavailable. Declaratory relief was available to Plaintiff in that he could have and did appeal, though unsuccessfully, Acting Justice Wittner's actions and decisions in his criminal action to the New York Supreme Court, Appellate Division, First Department, and to the New York Court of Appeals. *See Dillon*, 30 A.D.3d 1135, *leave denied*, 7 N.Y.3d 812 (2006); *see generally Berlin v. Meijias*, No. 15-CV-5308, 2017 WL 4402457, at *4 (E.D.N.Y. Sept. 30, 2017) ("Here, no declaratory decree was violated and declaratory relief is available to plaintiffs through an appeal of the state court judges' decisions in state court."), *appeal dismissed*, No. 17-3589 (2d Cir. Apr. 18, 2018) (effective May 18, 2018).

F.3d 176, 177 (2d Cir. 2011) (claims dismissed because of judicial immunity are frivolous for the purpose of the *in forma pauperis* ("IFP") statute, 28 U.S.C. § 1915).

**B.      Assistant District Attorney Rosen**

The Court must also dismiss Plaintiff's claims under Section 1983 for damages against Assistant District Attorney Rosen under the doctrine of prosecutorial immunity. Prosecutors, like Rosen, are immune from civil suit for damages for actions committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process." *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (internal quotation marks omitted))); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute prosecutorial immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)). This includes "acts reasonably related to decisions whether or not to begin or to carry on a particular criminal prosecution, or to defend a conviction," *Giraldo*, 694 F.3d at 166, such as "whether to bring charges and presenting a case to a grand jury or a court," *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that prosecutors' direction as to where a criminal defendant would be arraigned was in preparation for a court proceeding in which the prosecutors were acting as advocates, and those prosecutors were therefore shielded by absolute immunity (citing, *inter alia*, *Goldstein*))).

Plaintiff's claims under Section 1983 against Rosen arise from Rosen's prosecution of Plaintiff in state court. The Court therefore dismisses all of Plaintiff's claims under Section 1983

5

for damages against Rosen under the doctrine of prosecutorial immunity; the Court dismisses those claims for seeking monetary relief from a defendant who is immune from such relief, *see* § 1915A(b)(2), and consequently, as frivolous, *see* § 1915A(b)(1); *see also Collazo v. Pagano*, 656 F.3d 131, 134 (2d Cir. 2011) (claims dismissed for prosecutorial immunity are frivolous under the IFP statute).

**C.     Claims against Detective Murphy arising from his testimony**

The Court understands some of Plaintiff's claims under Section 1983 against Detective Murphy as claims for damages arising from Murphy's testimony during Plaintiff's state-court criminal action. Witnesses are, however, absolutely immune from liability under Section 1983 for damages for their testimony, even if their testimony was false. *See Rehberg v. Paulk*, 566 U.S. 356, 366-69 (2012); *Briscoe v. LaHue*, 460 U.S. 325 (1983); *see also Jovanovic v. City of New York*, 486 F. App'x 149, 152 (2d Cir. 2012) (summary order) (when the "only avenue by which the [fabricated evidence can] reach the jury [is] through [a witness's] testimony," claims of fabricated evidence are precluded by witness immunity). The Court therefore dismisses those claims for seeking monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(2).

**D.     Claims of false arrest under Section 1983 against Detective Murphy**

The Court construes Plaintiff's complaint as asserting claims of false arrest under Section 1983 against Detective Murphy arising from his arrest or confinement of Plaintiff.[4] "The

---

[4] "[F]alse arrest is simply an unlawful detention or confinement brought about by means of an arrest rather than in some other way and is in all other respects synonymous with false imprisonment." *Singleton v. N.Y.C. Police Dep't*, No. 20-CV-9699, 2021 WL 665032, at *5 n.6 (S.D.N.Y. Feb. 17, 2021) (internal quotation marks and citations omitted); *see Wallace v. Kato*, 549 U.S. 384, 389 (2007) ("False arrest and false imprisonment overlap; the former is a species of the latter."). For that reason, the Court refers to Plaintiff's claims arising from his arrest or confinement as claims of false arrest.

6

existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest . . . under § 1983." *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (internal quotation marks omitted))). A conviction conclusively establishes that probable cause existed. *Weyant*, 101 F.3d at 852. "But this is so only if the conviction 'survives appeal.'" *Id.* (citation omitted).

Plaintiff's conviction, which survived appeal, *see Dillon*, 30 A.D. 3d 1135, *leave denied*, 7 N.Y.3d 812, conclusively establishes that probable cause existed to arrest or confine him. The Court therefore dismisses Plaintiff's claims of false arrest under Section 1983 against Detective Murphy for failure to state a claim on which relief may be granted. *See* § 1915A(b)(1).

### E.     Claims of malicious prosecution under Section 1983 against Detective Murphy

The Court also construes Plaintiff's complaint as asserting claims of malicious prosecution under Section 1983 against Detective Murphy. Such a claim does not accrue until there is a favorable termination of the plaintiff's criminal proceedings.[5] *See Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994). As discussed above, Plaintiff's conviction has not been invalidated or otherwise overturned. Accordingly, the Court dismisses Plaintiff's claims of malicious

---

[5] "To demonstrate a favorable termination of a criminal prosecution for purposes of the Fourth Amendment claim under § 1983 for malicious prosecution, a plaintiff need only show that his prosecution ended without a conviction." *Thompson v. Clark*, 142 S.Ct. 1332, 1335 (2022); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration.") (italics in original)*; Heck*, 512 U.S. at 486-87 ("[I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. . . .") (footnote omitted).

7

prosecution under Section 1983 against Detective Murphy for failure to state a claim on which relief may be granted, *see* § 1915A(b)(1), but without prejudice to Plaintiff's assertion of these claims again, in a separate civil action, if his conviction is invalidated or otherwise overturned.

## F.    James McQueeny, Esq.

The Court must further dismiss Plaintiff's claims under Section 1983 against James McQueeny, Esq., his criminal defense attorney. A claim for relief under Section 1983 must allege facts showing that a defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Thus, to state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988); *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) ("State action [for the purpose of Section 1983 liability] requires *both* . . . the exercise of some right or privilege created by the State . . . *and* the involvement of a person who may fairly be said to be a state actor.") (internal quotation marks and citation omitted, emphasis in original). Private entities are not generally considered to be state actors. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties. . . .") (internal quotation marks and citation omitted).

Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970), an attorney's legal representation of a criminal defendant does not constitute the degree of state involvement necessary for a claim under Section 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender, *see Bourdon v. Loughren*, 386 F.3d

88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 318-19 (1981), and *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) ("[A] a legal aid society ordinarily is not a state actor amenable to suit under § 1983.").

Plaintiff alleges that McQueeney was the criminal defense attorney who represented him during his state-court criminal action. He has alleged no facts, however, showing that McQueeney acted as a state actor. The Court therefore dismisses Plaintiff's claims under Section 1983 against McQueeney for failure to state a claim on which relief may be granted. *See* § 1915A(b)(1).

**G.     The *Rooker-Feldman* doctrine**

To the extent that Plaintiff asserts claims for relief that challenge his final judgment of conviction in the New York Supreme Court, New York County, the Court must dismiss those claims under the *Rooker-Feldman* doctrine. Under that doctrine, federal district courts lack authority to review final state-court orders and judgments. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005); *see also Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002) ("The *Rooker-Feldman* doctrine . . . recognizes that 28 U.S.C. § 1331[,] [the statute granting federal district courts' federal-question jurisdiction,] is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments . . . ."); *Dorce v. City of New York*, 2 F.4th 82, 101 (2d Cir. 2021) (The *Rooker-Feldman* doctrine "bars federal district courts from hearing cases that in effect are appeals from state court judgments, because the Supreme Court [of the United States] is the only federal court with jurisdiction over such cases." (citing 28 U.S.C. § 1257))); *Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002) ("The [*Rooker-Feldman*] doctrine reflects the principle set forth in 28 U.S.C. § 1257 that the Supreme Court [of the United States] is the only federal

court that has jurisdiction to review state court judgments, . . . unless otherwise provided by Congress, *see, e.g.,* 28 U.S.C. § 2254 (habeas corpus review)."). The *Rooker-Feldman* doctrine "precludes a United States district court from exercising subject-matter jurisdiction. . . ." *Exxon Mobil Corp.*, 544 U.S. at 291.

District-court review of claims is barred under the *Rooker-Feldman* doctrine when four requirements are met: (1) the plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district-court review and rejection of the state-court judgment; and (4) the state-court judgment must have been rendered before the district-court proceedings commenced. *Dorce*, 2 F.4th at 101 (internal quotation marks and citation omitted).

Plaintiff alleges that the defendants violated his federal constitutional rights during his state-court criminal action, effectively challenging Plaintiff's state-court judgment of conviction, which was affirmed on appeal. The *Rooker-Feldman* doctrine bars this Court from reviewing such a challenge. The Court therefore dismisses any claims for relief that challenge Plaintiff's state-court judgment of conviction, under the *Rooker-Feldman* doctrine, for lack of subject matter jurisdiction.[6] *See* Fed. R. Civ. P. 12(h)(3); *Exxon Mobil Corp.*, 544 U.S. at 291.

---

[6] While it is not clear that he is doing so here, Plaintiff may not challenge the fact or duration of his confinement in a Section 1983 action; he may only obtain such relief by bringing a petition for a writ of *habeas corpus*. *See Wilkinson*, 544 U.S. at 78-82 (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973), and noting that a writ of *habeas corpus* is the sole remedy for a prisoner seeking to challenge the fact or duration of his confinement). The Court notes that Plaintiff unsuccessfully sought Section 2254 *habeas corpus* relief with regard to this state-court conviction. *See Dillon v. Smith*, ECF 1:07-CV-10728, 54 (S.D.N.Y. Dec. 22, 2015), *report & recommendation adopted as modified*, 2016 WL 6634917 (S.D.N.Y. Nov. 9, 2016), *appeal dismissed*, No. 16-4142, 2017 WL 6397760 (2d Cir. Apr. 13, 2017) (unreported opinion).

**H.     Leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

**CONCLUSION**

This Court dismisses this Section 1983 action. The Court dismisses the following claims: (1) Plaintiff's claims against Acting Justice Wittner, under the doctrine of judicial immunity and as frivolous, *see* 28 U.S.C. § 1915A(b)(1), (2); (2) Plaintiff's claims for damages against Assistant District Attorney Rosen, under the doctrine of prosecutorial immunity and as frivolous, s*ee id.*; (3) Plaintiff's claims for damages against Detective Murphy that arise from his testimony, under the doctrine of witness immunity, *see* § 1915A(b)(2); (4) Plaintiff's claims of false arrest and malicious prosecution against Detective Murphy, for failure to state a claim on which relief may be granted,[7] *see* § 1915A(b)(1); (5) Plaintiff's claims against Defendant McQueeney, for failure to state a claim on which relief may be granted, *see id*; and (6) Plaintiff's claims in which he challenges his state-court final judgment of conviction, under the *Rooker-Feldman* doctrine, for lack of subject matter jurisdiction, s*ee* Fed. R. Civ. P. 12(h)(3).

---

[7] The Court dismisses Plaintiff's claims of malicious prosecution against Detective Murphy without prejudice to Plaintiff's reasserting such claims, in a separate civil action, if his state-court conviction is overturned or otherwise invalidated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Judgement shall issue.

SO ORDERED.

Dated: September 28, 2022
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge